UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-cr-40044-JPG |
| MARCUS A. WEAVER, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Marcus A. Weaver's *pro se* motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 28). The Government has responded (Doc. 30).

**I.  Compassionate Release**

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

> considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for compassionate release. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise the warden is not equipped to properly consider the defendant's request.

As for the final clause of § 3582(c)(1)(A), there is no applicable Sentencing Commission policy statement regarding motions for compassionate release filed by defendants. *Gunn*, 980 F.3d at 1180. The existing compassionate release policy statement, United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, applies only to motions filed by the BOP, not defendants themselves, "[a]nd because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *Id.* Nevertheless, the substantive aspects of U.S.S.G. § 1B1.13 provide a "working definition" of "extraordinary and compelling reasons" that should guide the Court's discretion without strictly confining it. *Id.* A court that "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Additionally, the Court should give substantial weight to the BOP's analysis regarding "extraordinary and compelling reasons" in any particular case. *Id.*

So the Court looks to U.S.S.G. § 1B1.13 for guidance. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the

community.  U.S.S.G. § 1B1.13(2).[1]  The application notes further define "extraordinary and compelling reasons" to include, as relevant for this case:

> **(C)  Family Circumstances.**
> (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D)  Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n. 1.

Thus, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies,[2] and the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release.  18 U.S.C. § 3582(c)(1)(A).  The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden.  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.  The Court uses U.S.S.G. § 1B1.13 cmt. n. 1 to guide its discretion in this regard and should give great weight to the BOP's analysis regarding "extraordinary and compelling reasons," if it has given any such analysis.  *Gunn*, 980 F.3d at 1180.  The Court now turns to the specifics of the defendant's case.

---

[1] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

[2] The exhaustion requirement is not jurisdictional and may be waived by the Government.  *Gunn*, 980 F.3d at 1179.

**II.     Analysis**

In February 2007, Weaver pled guilty to a November 2006 bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) (W.D. Mo. Case No. 06-06024-01-CR-SJ-BP).  In his plea agreement, he admitted to threatening to kill a bank teller if she did not give him the money in her drawer.  The sentencing judge found him to be in criminal history category VI both because of his career offender status and his accumulation of 29 criminal history points through prior crimes involving dishonesty, drugs, and violence.  The judge sentenced him to serve 151 months in prison.  Weaver completed his term of imprisonment and was admitted to supervised release.

In July 2018, jurisdiction over his supervision was transferred to the Southern District of Illinois.  Here, in May 2020, the Court revoked Weaver's supervised release for, among other things, possessing and using methamphetamine and alcohol and failing to properly report to Probation.  After Weaver admitted the violations, the Court sentenced him to serve 24 months in prison.  He is scheduled to be released on November 20, 2021.  *See* BOP, Find an inmate, https://www.bop.gov/inmateloc/ (visited Aug. 19, 2021).  He has a home and job waiting for him upon his release.

Weaver now asks the Court for immediate compassionate release on the grounds that his 71-year-old father is suffering from stage 4 pulmonary cancer and is in hospice, and Weaver wants to spend time with his father and help his mother and sister care for him.  Weaver believes this amounts to an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A).  He also seeks appointment of counsel for assistance with this motion.

In response, the Government concedes that Weaver has exhausted his remedies before filing his motion.  However, it argues that Weaver's family situation does not amount to an

extraordinary and compelling reason for release. It further points to Weaver's extensive criminal history and his noncompliant conduct leading to his supervised release revocation as evidence that he has not changed his long pattern of violating rules.

The Government has not invoked exhaustion of remedies as a defense, so has waived that argument. As for the defendant's family circumstances, they do not fall within the categories that U.S.S.G. § 1B1.13 cmt. n. 1(C) classify as warranting compassionate release. Additionally, while the Court is extremely sympathetic to Weaver for the illness and likely impeding death of his father, it does not find the circumstances are extraordinary or compelling. Many inmates are confined in prison while their loved ones suffer from illness and death, and although it is unfortunate, it is not extraordinary and is a normal and foreseeable consequence of a defendant's choice to break the law. Additionally, it appears Weaver's mother and sister are available to care for his ailing father, so Weaver is not necessary as a caretaker. The Court fervently hopes that Weaver's father can hold on until November 20, 2021, so Weaver may visit with him in person again. But his dire circumstances do not amount to an extraordinary and compelling reason to release Weaver now.

Even if they did, the Court would not release Weaver now because he still poses too great a danger to the community. The Court's analysis of the § 3553(a) factors at the revocation hearing continues to apply now. Weaver's history of criminal activity and violating rules is long and consistent. The Court determined when it revoked Weaver's supervised release that 24 additional months in prison (reduced by whatever good time credit to which he is entitled) was necessary to promote respect for the law and protect the community from Weaver's further crimes. Nothing has materially changed since Weaver's revocation with respect to the § 3553(a) factors.

To the extent Weaver suggests the Court should order him placed on home confinement, the Court does not have jurisdiction to entertain such a request.  "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."  *United States v. Wilson*, 503 U.S. 329, 335 (1992).  The BOP then has "plenary control" placement of the inmate, subject only to statutory limits.  *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).  This includes the decision whether to house an inmate in a prison or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").  *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different placement).  The defendant may seek relief from the BOP by filing an administrative remedy, but the Court cannot help him.

### III. Conclusion

For all of these reasons, the Court **DENIES** the defendant's motion for immediate compassionate release (Doc. 28).  Because the presence of counsel for this motion would not have had a substantial chance of changing the outcome, the Court **DENIES** Weaver's request for counsel contained in his motion.

**IT IS SO ORDERED.**
**DATED:  August 19, 2021**

                                                        s/ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **DISTRICT JUDGE**